**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**MICH'EL LULU BEY,**

Defendant.

CASE NO. 3:23 CR 545

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Currently pending before the Court is Defendant Mich'el Lulu Bey's Motion to Vacate under 28 U.S.C. § 2255. (Doc. 56). Defendant also filed a "Verified Demand to Vacate Void Judgment and Terminate the Constructive Trust." (Doc. 57). The Government filed a response in opposition (Doc. 58), and Defendant did not reply. For the reasons set forth below, the Court denies Defendant's motions.

## BACKGROUND

Defendant was charged in a September 5, 2023, criminal complaint with attempted distribution or attempted possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1) and conspiracy to possess and distribute controlled substances in violation of 21 U.S.C. § 846. (Doc. 1).

At his initial appearance on September 8, 2023, Defendant waived his right to counsel and elected to proceed pro se. Attorney Merle Dech was appointed to serve as standby counsel. Through standby counsel, Defendant consented to an extension of time for the Government to present the case for indictment. (Doc. 6, at 2).

On September 29, 2023, Defendant was charged in an Information with one count of attempted possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi) and 846. *See* Doc. 11-3.[1]

On October 3, 2023, Defendant waived indictment and entered an unconditional plea of guilty to the Amended Information. *See* Doc. 38 (transcript).

On February 9, 2024, the Court sentenced Defendant to 120 months' imprisonment and five years of supervised release. (Doc. 27). Defendant filed a timely *pro se* notice of appeal to the Sixth Circuit Court of Appeals. (Doc. 29). On April 25, 2025, the appellate court affirmed this Court's judgment. *United States v. Bey*, No. 24-3154 (6th Cir.).

In the instant Motion to Vacate, filed May 18, 2026, Defendant asserts three grounds for relief:

**Ground One:** Guilty plea was obtained in violation of the Fifth Amendment Due Process Clause

**Ground Two:** Ineffective assistance of counsel in violation of the Sixth Amendment.

**Ground Three:** Deprivation of Rights Under Color of Law in Violation of 18 U.S.C. [§] 242.

(Doc. 56, at 3-5) (typeface altered).

## Standard of Review

Under § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside[,] or correct the sentence." 28 U.S.C. § 2255(a). A court must vacate and set aside a sentence if it concludes the "judgment was rendered without jurisdiction, or that the sentence imposed was not

1. The Information was amended to reflect the proper statute. *See* Doc. 11-3; Doc. 38, at 23-27 (discussion at Change of Plea hearing).

authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *Id.* at § 2255(b). To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982); *see also Hampton v. United States*, 191 F.3d 695, 698 (6th Cir. 1999).

"A prisoner seeking relief under § 2255 must show as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citation modified). To obtain relief for an error of constitutional magnitude, a petitioner must establish that error "had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). To obtain relief for a non-constitutional claim, a petitioner must establish that a fundamental defect in the proceeding resulted in a complete miscarriage of justice or an egregious error that deprived him of the "rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 348 (1994) (citation omitted); *see also id.* at 354.

In considering a petition under § 2255, the district court is required to conduct an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The petitioner's burden for obtaining a hearing is relatively light. *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003). But "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238,

240 (8th Cir. 1995)). Where the judge considering the § 2255 petition also conducted the proceedings below, the judge may rely on his or her recollections of those proceedings. *See id.*

## Discussion

Defendant brings three claims for relief. The Government contends each lacks merit. For the reasons set forth below, the Court agrees with the Government.

Ground One: Fifth Amendment Due Process

Defendant first argues that his guilty plea was coerced by "[t]he government's use of a sec[tion] 851 enhancement as leverage." (Doc. 56, at 3). He cites an email from the prosecutor to standby counsel setting forth terms of a proposed plea agreement and stated that if an agreement is not reached "the case will be presented for indictment with the 851 specification." (Doc. 56-1). Defendant contends this email demonstrates "that the government's intent was not to pursue a legitimate sentenc[]ing enhancement but to overpower [Defendant's] will and force him to waive his constitutional right to a trial." (Doc. 56, at 3).

"When a prosecutor threatens to bring harsher charges if a defendant does not plead guilty, defendants often assert that the prosecutor has unconstitutionally retaliated against them for exercising their right to a jury trial." *United States v. O'Lear*, 90 F.4th 519, 531 (6th Cir. 2024) (citing *Bordenkircher v. Hayes*, 434 U.S. 357, 358–59 (1978)). "The Supreme Court has rejected these claims." *Id.* (citing *Bordenkircher*, 434 U.S. at 362-65); *see also Bordenkircher*, 434 U.S. at 364 (noting that while "confronting a defendant with the risk of more severe punishment clearly may have a discouraging effect on defendant's assertion of his trial rights, the imposition of these difficult choices is an inevitable—and permissible—attribute of any legitimate system which tolerates and encourages the negotiation of pleas") (citation modified); *United States v. Felice*, 272 F. App'x 393, 396 (5th Cir. 2008) ("Threats regarding additional charges or enhanced penalties

are accepted practices in plea negotiations and are not considered the kinds of threats which undermine the voluntariness of a guilty plea.”).

Moreover, at his plea hearing, Defendant stated “no” under oath to the question of whether he had been coerced or threatened to plead guilty. *See* Doc. 38, at 50; *see also id.* at 4, 35.[2] Where a defendant “acknowledge[s] under oath that [his] guilty plea was not the result of any threats, coercion or inducements” and “[t]he record reflects that the plea was voluntarily, knowingly and intelligently made,” that defendant will be “bound by [his] responses given under oath to the court's inquiries regarding the knowledge and voluntariness of [his] plea.” *United States v. Brown*, 96 F. App’x 380, 383 (6th Cir. 2004) (citing *Baker v. United States,* 781 F.2d 85, 90 (6th Cir. 1986)); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (holding that such “[s]olemn declarations in open court carry a strong presumption of verity”).

The Court finds Defendant has failed to establish he was coerced by the Government to plead guilty or that his plea was in any way involuntary.

<u>Ground Two: Ineffective Assistance of Counsel</u>

In his second ground for relief, Defendant asserts he received ineffective assistance of counsel. Again, relying on the email from the prosecutor, he contends his standby counsel’s performance was constitutionally deficient because he “failed to use it to file a motion to dismiss or challenge the voluntariness of the plea.” (Doc. 56, at 4). He contends he can show prejudice because “[h]ad counsel challenged the voluntariness of the plea using the . . . email[,] there is a reasonable probability the Court would not have accepted the plea.” *Id.*

2. And, indeed, the prosecutor’s determination that the 851 enhancement could apply, and his agreement not to present the case for indictment or to pursue it at sentencing for the information, were discussed at the Change of Plea. (Doc. 38, at 28-33).

Defendant has not established ineffective assistance here. To establish a claim of constitutionally ineffective counsel, a defendant must establish counsel's performance was deficient and that he was prejudiced by that performance. *Strickland v. Washington*, 466 U.S. 668 (1984). As to performance, a defendant must show counsel's representation "fell below an objective standard of reasonableness"; as to prejudice, a defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694.

Defendant here chose to proceed *pro se*. The Sixth Circuit has explained that "a defendant cannot waive his right to counsel and then complain about the quality of his own defense." *United States v. Ross*, 703 F.3d 856, 882 (6th Cir. 2012) (quoting *Wilson v. Parker*, 515 F.3d 682, 696 (6th Cir. 2008)). Although standby counsel assisted in facilitating communication, Defendant continued to represent himself. *See* Doc. 38 (transcript of arraignment and change of plea); *see also United States v. McNoriell*, 176 F.4th 413, 423 (6th Cir. 2026) ("[W]hen a pro se defendant agrees to 'any substantial participation by counsel, subsequent appearances by counsel must be presumed to be with the defendant's acquiescence, at least until the defendant expressly and unambiguously renews his request that standby counsel be silenced.'") (quoting *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984)). Therefore, "[t]o the extent his standby counsel was deficient, [Defendant] 'merely suffered the consequences of his decision to proceed pro se.'" *Ross*, 703 F.3d at 882 (quoting *Wilson,* 515 F.3d at 697).

Ground Three: Deprivation of Rights Under Color of Law.

In Ground Three, Defendant asserts the prosecutor "violat[ed] [Defendant's] rights under color of law" in plea negotiations and the prosecutor's actions "potentially constitut[e] a federal crime" under 18 U.S.C. § 242. (Doc. 56, at 4-5). This argument seemingly restates the ineffective

assistance and coercion claims asserted in Grounds One and Two. As set forth above, Defendant has not established a constitutional violation. Moreover, as to his reference to 18 U.S.C. § 242, any such claim is not a habeas claim cognizable in a 28 U.S.C. § 2255 Motion, and in any event, such a statute does not provide a private right of action. *See, e.g.*, *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003). Defendant has not demonstrated entitlement to relief on Ground Three.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant's Motion to Vacate (Doc. 56) and Verified Demand to Vacate (Doc. 57) be, and the same hereby are, DENIED;

FURTHER ORDERED that, because Defendant has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: October 20, 2026